UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSEPH REED, )
 )
        Petitioner, )
 )
v. ) Case No. 2:16-cv-00045-LJM-MJD
 )
BRIAN SMITH, SUPERINTENDENT, )
 )
        Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Joseph Reed for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 15-11-0366. For the reasons explained in this Entry, Mr. Reed's habeas petition must be **denied**.

    **A.**    **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On November 11, 2015, Officer Benton wrote a Conduct Report charging Mr. Reed with attempting to traffic. The Conduct Report states:

> On 11-11-15 at approximately 1130 hours, I, C/O N. Benton, had offender Reed, Joseph #984710 and offender Williams, Desmond #203831 working at the horse barn. I was assisting with the horses inside the barn and stepped out to see what the offenders were doing. I asked offender Williams where offender Reed was. I clearly observed offender Reed attempt to bury something in the horse manure as offender Williams was saying "Reed, let's go, let's go, Reed." Upon further investigation, the items offender Reed was attempting to bury was five items wrapped in black electrical tape inside plastic zipper bags. Inside the taped items were five eight ounce bags of a brown leafy substance. Offender was identified by his state issued ID and notified of this conduct report.

Dkt. 6-1 at 1. The five bags were identified as tobacco, photographed, and placed into evidence.

Mr. Reed was notified of the charge on November 19, 2015, when he received the Screening Report. He plead not guilty to the charge. He requested and received a lay advocate, but did not request any physical evidence. Mr. Reed also called Mr. Williams as witness. Mr. Williams submitted a written witness statement, which stated the following: "As I was letting the horses in the gate I saw Reed messing with the manure[,] he said something like I found something over here[.] I think it might be guns[.] My exact words to him w[ere] you better leave that . . . alone and come on." Dkt. 6-4 at 1.

A hearing was held on November 23, 2015. At the hearing, Mr. Reed stated that he saw "something in the manure[,] was being nosy and saw something wrapped in tape. [I] thought it was guns [and] told Williams. He said leave it alone and come on. I started to put it back." Dkt. 6-6 at 1. Based on Mr. Reed's statement, the staff reports, and the witness statement, the hearing officer found Mr. Reed guilty of attempted trafficking. The hearing officer explained that he "believe[d] [the] Conduct Report to be true and factual." Dkt. 6-6 at 1. The hearing officer

recommended and approved the following sanctions: a ninety-day earned-credit-time deprivation and a suspended credit class demotion.

Mr. Reed appealed to Facility Head and the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Reed raises two arguments in his petition: (1) whether there was sufficient evidence to find him guilty of attempted trafficking; and (2) whether the hearing officer violated Indiana Department of Correction ("IDOC") policy when he failed ensure that inmates are not over-charged based on their conduct. The respondent maintains that Mr. Reed is not entitled to habeas relief on either basis. Mr. Reed did not file a reply brief responding to the respondent's arguments.

*1.     Sufficiency of the Evidence*

The "some evidence" standard applied to challenges regarding the sufficiency of the evidence is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Mr. Reed argues that there was not "some evidence" that he was attempting to traffic the tobacco at issue because he "never touched the tobacco and they could not prove even that it was his" and, even if they could, mere possession of tobacco does not establish that he intended to traffic it. Dkt. 1 at 3. However, the Conduct Report—which alone can "provide[] 'some evidence' for the . . . decision," *McPherson*, 188 F.3d at 786—provided sufficient evidence that Mr. Reed

both possessed the tobacco and was intending to traffic it. Specifically, Officer Benton stated in the Conduct Report that he "clearly observed" Mr. Reed "attempt to bury something in the horse manure," and the "something" turned out to be five bags of tobacco. Dkt. 6-1 at 1. This is sufficient evidence to establish possession. Moreover, the Conduct Report states that there were eight ounces of tobacco in each of the five bags. A substantial amount of tobacco split into five separate bags certainly suggests that Mr. Reed was trafficking in the substance rather than possessing it for personal use. Thus there was also "some evidence" that Mr. Reed attempted to traffic. Accordingly, neither of Mr. Reed's arguments regarding the sufficiency of the evidence have merit, and he is not entitled to habeas relief on this claim.

2. *Violation of IDOC Policy*

Mr. Reed maintains that the hearing officer violated IDOC policy when he failed ensure that inmates are not over-charged based on their conduct. But a violation of IDOC policy, assuming that there was one here, is not a basis for habeas relief.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as this one, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed.

Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Reed to the relief he seeks. Accordingly, Mr. Reed's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/13/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joseph Reed
DOC # 984710
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 W. U.S. 40
Greencastle, IN  46135

Electronically Registered Counsel